## Case No. 779.

### BAKER v. REDFIELD.

[See Boker v. Redfield, Case No. 1,606a.]

BAKER, (REYNOLDS v.)    See Case No. 11,727.

## Case No. 780.

### BAKER v. ROOT.

[4 McLean, 572.] [1]

Circuit Court, D. Michigan.    June Term, 1849.

LANDLORD AND TENANT — HOLDING OVER — MUST BE AT SAME RENT — TRUSTS — LIABILITY OF TRUSTEE — MISAPPROPRIATION OF TRUST FUNDS.

1. A person having occupied a certain tenement under a written lease, at a certain rent, remained in possession sometime after the expiration of the lease—*held,* that he was bound to pay the same rent, as under the written lease.

2. Where property is received in trust, and the trustee sells it and receives the consideration and appropriates it, he is liable, [in assumpsit,] the same as an agent, should the sale not be objected to.

At law.

Mr. Seaman, for plaintiff.
Mr. Howard, for defendant.

OPINION OF THE COURT. This is an action of assumpsit. In consideration of two thousand dollars received by the defendant, he agreed to save the plaintiff harmless from all liability, as one of the firm of Root & Co. Also, to pay rent for his house and lot in Cold Water, one hundred dollars a year for two years, commencing 1st May, 1840; also to take proper care to remove the said Baker's store house, etc., to fit it up, said Baker paying for removing and fitting up, and rent of store $75 a year. And Root guarantied the payment by Hanchett of a note for $253, if suit should be brought upon it by 1st April, 1840. Root stated to one of the witnesses that Hanchett, the partner of Baker, proposed that he should take a lot in the village of Cold Water, with the house thereon, to apply on the judgment against Baker & Hanchett, and also upon a demand in favor of Root against Hanchett for $150. This was agreed to, and the lot was conveyed to Root.

Root was to discharge Hanchett from his own debt, and discharge the judgment against Baker, or indemnify him against it. Root held the property until he sold it to Cooley, for barrels which were used by Root in his business.

The court charged the jury, that the plaintiff claimed a right of recovery on two grounds. 1. For rent for the house, $100 per annum, and for the store $75 per annum. The store was removed by Root, for which he had been credited $75. The premises were occupied some years after the written lease expired. And it is contended that the plaintiff can only recover for these years what the premises were worth. But, the court instructed the jury, that the defendant having occupied the premises under a written lease for a fixed price, and remaining on them after the expiration of the lease, without any other agreement, the same rent must be paid. And that interest from the time rent was due may be given by the jury. That the action was not on the guaranty, which is only referred to to show the nature of the transaction.

The plaintiff claims, as the second ground of recovery, the amount of the judgment on the note, which defendant agreed to pay on the purchase of the house and lot in Cold Water. The plaintiff also claimed the right to recover this amount against the defendant, if the house and lot were received by Root on trust, as he sold it for barrels which he afterwards sold for cash, and this it is contended makes him responsible on a general count for money had and received. And also, on the common count, if the jury should find that Root received the house and lot and promised to pay the judgment. And the court so instructed the jury.

The jury found for the plaintiff. Judgment.